IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KEITH LEMOND HOLMES, #103361**                                                        **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 3:08-cv-113-HTW-LRA**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**
**PAROLE BOARD**                                                                    **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal of the Plaintiff's claims against the Mississippi Department of Corrections Parole Board. Plaintiff is an inmate of the Mississippi Department of Corrections (MDOC) incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, and has filed this complaint pursuant to Title 42 U.S.C. § 1983. The Plaintiff seeks monetary damages as relief.

<u>Background</u>

The Plaintiff complains that as a result of his parole being erroneously revoked he is being unlawfully incarcerated. Plaintiff states that his parole was revoked as a result of his pleading guilty to two charges that were pending before his parole was granted. Plaintiff also asserts that he reported to his parole officer, Tanya Thompson, from December 12, 2005, until November 6, 2006, and was never told that his plea of guilty on these two charges had violated his parole conditions. Plaintiff's parole was revoked on or about April 21, 2007.

<u>Analysis</u>

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions of the Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall

dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his complaint is subject to *sua sponte* dismissal under Title 28 U.S.C. § 1915(e)(2).

The Plaintiff's claims are precluded by the United States Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court addressed whether a claim for monetary damages which essentially challenges a Plaintiff's conviction or imprisonment is cognizable under Title 42 U.S.C. § 1983. The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

> question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). If this Court were to find in the Plaintiff's favor and determine that his parole was illegally revoked, it would necessarily imply the invalidity of his imprisonment. *See Jeffery v. Owens*, 216 Fed. Appx. 396 (5th Cir. Dec. 12, 2006) (not for publication in the Federal Reporter) (Since the Plaintiff "is not making a general challenge to parole procedures," but alleged a specific error in his case which would result in a speedier release, the decision of the United States Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005) does not apply.)

In addition, the Plaintiff has failed to demonstrate that his parole revocation has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). With this in mind, the Court has determined that the Plaintiff's claims are barred by *Heck*, at this time. As such, these claims are dismissed for the Plaintiff's failure to state a claim on which relief may be granted.

Conclusion

As discussed above, the Plaintiff's claims are barred by *Heck v. Humphrey* and will be

3

dismissed with prejudice for the Plaintiff's failure to state a claim pursuant to Title 28 U.S.C. § 1915(e)(2)(ii).  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *Jeffery v. Owens,* 216 Fed. Appx. 396 (5th Cir. Dec. 12, 2006) (not for publication in the Federal Reporter).

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "Strike."[1]  If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 25th  day of April, 2008.

> s/ HENRY T. WINGATE
> CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Title 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.